Williams, C. J.
It is not disputed that the plaintiff below received the injury of which he complains, in the manner alleged in his petition; nor is it contended there is any sufficient ground for disturbing the finding of the jury that the plaintiff in error was guilty of the negligence with which it is charged. One contention of the plaintiff in error is, that its negligence was not the proximate cause of the injury; that the casual connection was broken by the intervening negligence of the Lake Shore Company which, it is claimed, is alone responsible for the injury.- An instruction to that effect, which the court was requested to give in charge to the jury was refused, and in that way the question is presented. The record discloses that the Empire line of freight cars, to which the car in question belonged, was owned and *358 operated by the plaintiff in error for the transportation of through, freight collected on its Philadelphia & Erie Division, over the road of the Lake Shore Company, from its connecting point at Erie, to stations on its line and on other connecting lines, under a traffic arrangement between the companies by which theywere to share inthe earnings of the transportation according to the distance the cars should be hauled over their respective roads. Under the arrangement, the plaintiff in error, before delivering its cars to the Lake Shore Company, was to have them properly inspected and put in safe condition for hauling; and it was also understood that the company receiving the cars should have them inspected when received. The company hauling a car was required to provide the oil and other supplies for keeping it in running condition, and to repair any damage done to the car while in its possession; all other repairs to be at the expense of the plaintiff in error. The car in question, when delivered to the Lake Shore Company to be hauled over its road, was defective and unsafe in the respects described in the petition, which a proper inspection would have discovered ; and the negligence of the plaintiff in error consisted in the failure to make such inspection, and delivering the car to the Lake Shore Company without having first put it in a safe condition for transportation; while the negligence of the latter company was its omission to have the car properly inspected, and hauling it in its defective condition. The liability of the latter company for that negligence cannot well be denied. It was under no obligation. to receive and place in charge of its employes a car with defective and dangerous equipments; -and the rule which requires the observance of due care on the part of the employer in providing machinery *359 and appliances that are safe and suitable for the use of the servant in the course of his employment, is not limited to such as are the property of the employer. It is not any the less obligatory upon a railroad company, for the protection of its employes, to see that foreign cars run over its road are not so defective as to be dangerous, than it is to see that its own are free from dangerous defects. But it does not follow that because the Lake Shore Company is liable for the damages sustained by the plaintiff below, the plaintiff in error may not be, also. To relieve the latter from the consequences of its negligence, it is not enough that the act of the Lake Shore Company was nearest in the order of events to the injury, nor that without it the injury would not have occurred; to have that effect it must have been the efficient, independent, and self producing cause, disconnected from the negligence of the plaintiff in error. The casual connection is not broken, “if the intervening event is one which might in the natural course of things be anticipated as not entirely improbable, and the defendant’s negligence is an essential link in the chain of causation.” Sherman and Red-field on Neg., section 32 (4th ed.) It is not essential to the liability of the plaintiff in error that its negligence should be the sole cause of the injury; but if that result was produced by the negligence of both companies, each contributing a necessary condition to the result, either, or both, might be held . responsible at the election of the party injured; neither could claim exoneration on account of the fault of the other. The negligence of the plaintiff in error was undoubtedly the primary cause. If it had not furnished the defective car, the injury could not have occurred. Neither could it, if *360 the Lake Shore Company had not run the ear over its road; and it might not have done so, if that company had made a proper inspection of the car. But it was the act of that company in hauling the car over its road, that contributed to bring- about the injury, rather than its failure to have it properly inspected; for if the car had not been so moved, no injury could have happened, however negligent the inspection may have been. The most that can be claimed from the omission of the proper inspection by the Lake Shore Company is, that it failed to cure or remove the previous negligence of the plaintiff in error, and thereby interrupt the consequences which were likely to, and did flow from it. That failure cannot with propriety be said to have broken the connection between the negligence of the plaintiff in error and the injury resulting from the use of the defective ear, or to have been the self operating cause of the injury. That the car would be hauled over the road of the Lake Shore Company, was contemplated by both of the companies when it was delivered; it was' delivered for that purpose. The plaintiff in error knew it could not be so hauled without the services of brakemen and other employes of the company hauling it, and ordinary prudence would suggest that if it furnished a defective car, or failed to observe due care in providing cars that were reasonably safe and fit for the service contemplated, those employes might, and probably would, suffer injuries in consequence. The jury might therefore properly find, as they did under instructions to which no exceptions were taken, that while the negligence of the Lake Shore Company was a contributing condition to the injury sustained by the *361 plaintiff below, the negligence of the plaintiff in error was the culpable and proximate cause.
It is further claimed that the plaintiff in error was under no obligation or duty to the employes of the Lake Shore Company to exercise care in the inspection of cars furnished the latter company, or in making repairs necessary to have them in proper condition; and, as both ■ companies were mutually in fault with respect to the car in question, so that neither could be made liable to the other, the plaintiff below was without remedy against the Pennsylvania Company, because his injury was received while acting exclusively under the employment of the Lake Shore Company; the servant being bound, it is argued, by the act of the master. We think this position is not tenable. It was not necessary to the liability of the plaintiff in error that a contractual relation should exist between it and the plaintiff below, nor that the injury should be one resulting from the violation of a duty it owed the general public. Whenever' a person should reasonably apprehend that,- as the natural and probable consequences of his act or neglect, another will be placed -in a situation of danger of receiving an injury, a duty of exercising due care to prevent such injury arises; and if the injury results from the failure to use such care, a liability to the person injured will generally'exist, in the absence of any other controlling fact. As said in Bishop, on Non-contract Law, section 528, “One’s responsibility for his acts is not limited to their immediate effects. He is liable also for their natural and probable consequences. * * * Nor is it material whether those consequences come from the acts alone, or from them and subsequent independent forces *362 operating with them, provided those forces are of a sort reasonably to be anticipated. ’ ’ The test is to be found in the probable injurious consequences to be anticipated, and not in the number of subsequent events and agencies that may arise. It has already been observed that the traffic arrangement between these two railroad companies contemplated that cars furnished bj^ the plaintiff in error to the other company would be handled by the employes of the company receiving them, and a prudent person would reasonably anticipate and foresee that such employes would be exposed to the danger of receiving injuries in handling a defective car so furnished, or one with defective appliances ; and, therefore, the plaintiff in error owed a duty to such employes operating a train in which such a car might be placed, which was to use reasonable care in making inspection of the cars and putting them in safe condition, before they should be placed in charge of the employes. The services of such employes being necessary to accomplish the transportation intended, the delivery of a car to be transported over the road, amounts to an invitation to the employes to go upon and handle it, and an assurance that they may safely do so in the course of their employment in transporting it to its destination. The case of Moon v. Northern Pacific Railroad Company, 46 Minn. 106, is quite like the one before us in its features thus far considered, and presents substantially the same questions. That is a well-considered case, and the decision is in harmony with our view of the law.
Another g-round urged for the reversal of the judgment is, that the evidence, without conflict, establishes negligence on the part of the defendant in error which contributed to the injury he sus *363 tained. Without entering into a general review of the evidence relating to the manner in which the injury was caused, or the conduct of the defendant in error, it is sufficient to say that, without his fault, and while in the performance of his duties in handling the oar in question, he found himself in a situation of danger, on account of a defective ladder attached to the car which, at the time, he was attempting to ascend in order to manage the brakes as his duties required. The ladder had one broken round and was loose and shaky; but that was not discovered by him until after he had got up on it and was in the effort to reach the top of the car. While engaged in that effort, and in a very brief time after he stepped on the ladder, he was thrown to the ground and injured. It is claimed that when he discovered the danger he was in, he should have stepped to the ground, and that he could have done so with safety. By his failure to do that, it is contended, he brought about the injury, or at least contributed to produce it. When confronted with his peril, two ways of escape would naturally be suggested: one to leap from the car to the ground, and the other to do as he did, strive to reach the top of the car. It is not certain that the adoption of the former course presented by the alternative would have proven better than the latter; it might seem so from a deliberate survey of the situation after the disaster had occurred; but when it is considered that it occurred in the darkness of the night, while the car was in motion, without opportunity of accurate observation of the condition of the ground, it is little more than conjecture that the defendant in error could, or would, by leaping- to the ground, have escaped injury. And, in the exigencies of the situation in which he *364 was placed, it could neither be expected nor required that he should exercise the same deliberate judgment that prudent persons would exercise-where no danger is present, nor make the most judicious choice between hazards. The question in such case is not what a careful person would do under ordinary circumstances, but what would he be likely to do, or might reasonably be expected to do in the presence of the existing peril; and is one of fact for the jury. Measuring the conduct of the defendant in error by this rule, the jury have found he was not guilty of contributory negligence, and our duty does not lead us into an inquiry to ascertain on which side the preponderance of the evidence may be found.

Judgment affirmed.